EMILE FLEURY *vs.* HAROLD V. LANGLOIS, *Warden*.

MAY 23, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for habeas corpus to obtain the release of the petitioner from the custody of the respondent, where he is now serving a two-year sentence in the adult correctional institutions.

It appears from the papers in the case that petitioner was driving a motor vehicle on Mendon Road in the city of Woonsocket and was in collision with a motor vehicle of the Rhode Island state police. As a result thereof a state trooper was killed and petitioner was tried three times for the offense of driving so as to endanger, death resulting. The first was a mistrial, the second resulted in a disagreement and the third in his conviction. A motion for a new trial was denied by the trial justice. Thereafter no appeal was taken and on February 17, 1961 petitioner was sentenced to two years in the adult correctional institutions. At each trial petitioner was represented by counsel.

The petitioner bases his request for the writ on the fact, as he alleges, that in the course of his trial he was denied his right to a certain witness for the defense, namely, Earle Carson. In the first trial Carson was called by the state as a witness, while in the second trial he testified as a witness called by defendant. In the third trial the witness Carson was not present and on account thereof petitioner moved for a continuance which was denied. To this denial he took no exception.

Two briefs were filed in this court on behalf of petitioner, one signed by him and the other by the public defender. To each we have given careful attention.

The petitioner in his own brief raises but one point to establish "that he was not given a full, fair and impartial trial," namely, that he was denied a certain defense witness, Earle Carson.

It appears that at the conclusion of the state's case petitioner requested a continuance of the case until the next day on the ground that Carson was not present. However, as no assurance could be given that he would be present on the following morning the request was denied and no exception was taken thereto. It does not appear that petitioner had summoned Carson by subpoena or that his whereabouts were known.

The public defender in his brief makes but one issue, namely, that the trial justice should have continued the case to secure the presence of the absent witness. We have already pointed out that Fleury was represented by counsel and that he took no exception to the trial justice's denial of his motion for a continuance.

From the foregoing the travel of this case up to this point is clear. It thus appears that the remedies provided by statute for determining the correctness of the proceedings as the result of which this petitioner is now serving a sentence were available to him but were not pursued at the proper time.

[1] So far as appears from anything that has been brought to our attention, petitioner has been duly convicted of a crime, has been sentenced according to law, and is now serving a lawful sentence. He now attempts to secure his release through a writ of habeas corpus. The purpose of such a writ is to liberate one who has been imprisoned without sufficient cause and to deliver such a one from unlawful custody. 25 Am. Jur., Habeas Corpus, §2, p. 143.

In this case it appears that petitioner is lawfully restrained. In *Asadoorian for Writ of Habeas Corpus,* 48 R. I. 50, at page 54, we stated: "* * * but it has not been allowed except for jurisdictional error as a substitute for an appeal or writ of error or other revisory remedy for the correction of errors either of law or of fact. * * * Petitioner's restraint here is by order of a court of competent jurisdiction." See also *Antoscia* v. *Superior Court,* 38 R. I. 332.

The petition is denied and dismissed, the writ of habeas corpus heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent.

*Leo P. McGowan,* Public Defender, for petitioner.

*J. Joseph Nugent,* Attorney General; *F. Thomas O'Halloran,* Assistant Attorney General, for State, for respondent.